# Order

Michigan Supreme Court
Lansing, Michigan

June 14, 2019

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

158545

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

CARL RENE BRUNER II,
      Defendant-Appellant.

SC: 158545
COA: 325730
Wayne CC: 14-008324-FC

_____/

On order of the Court, the application for leave to appeal the August 21, 2018 judgment of the Court of Appeals is considered. Pursuant to MCR 7.305(H)(1), and in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and REMAND this case to the Wayne Circuit Court for a new trial. The Court of Appeals erred in concluding that the prosecution established that the confrontation violation was harmless beyond a reasonable doubt. Reviewing the record de novo, we cannot conclude that admission of Westley Webb's testimony—the only evidence that placed a gun in the defendant's hand—"did not tip the scale in favor of the prosecution and contribute to the jury's verdict." *People v Anderson*, 446 Mich 392, 407 (1994). Instead, it seems "reasonable to believe that this evidence affected the jury's decision to convict." *Id.*

We do not retain jurisdiction.

ZAHRA, J. (*dissenting*).

I would deny leave to appeal because I agree with the Court of Appeals that the Confrontation Clause error in this case, the admission of Westley Webb's preliminary-examination testimony at defendant's joint trial with codefendant, was harmless beyond a reasonable doubt.[1] It is true that the erroneously admitted testimony was the only evidence explicitly placing a gun in the possession of defendant. But as the panel noted after an examination of the record, the prosecution presented a very strong

---

[1] The applicable harmless-error standard requires "the beneficiary of the error to prove, and the court to determine, beyond a reasonable doubt that there is no 'reasonable possibility that the evidence complained of might have contributed to the conviction.'" *People v Anderson (After Remand)*, 446 Mich 392, 406 (1994), quoting *Chapman v California*, 386 US 18, 23 (1967) (quotation marks omitted).

circumstantial case against defendant.[2]

Evidence was presented showing that defendant possessed a motive to shoot the security guards, as defendant was reportedly very angry that he been ejected from the club for fighting. Defendant subsequently lingered around the club, and witnesses testified that defendant pointed angrily or made hand gestures and stated that he would be back. Defendant was denied reentry to the club to look for his phone because he refused to be searched, at which point he was described as "[s]till hostile."[3] Security guards working at the club reported that defendant was watching them from across the street before defendant was observed riding past the club multiple times in the passenger seat of a vehicle driven by codefendant. This caused at least two of the security guards to draw their weapons and hold them at their sides. The security guards noticed defendant's sudden absence from the vehicle, and were actively looking for him just seconds before they were shot at from behind. After the shooting, defendant engaged in abnormal behavior by abruptly cutting off communication with the victim's mother and abandoning plans to meet up with his girlfriend. This circumstantial evidence is compelling.

Moreover, I question the impact of Webb's testimony. While Webb's testimony was certainly inculpatory, it was also convoluted, inconsistent, and somewhat confusing. And Webb was effectively impeached by codefendant's trial counsel, who emphasized Webb's prior convictions and the fact that Webb only testified pursuant to a deal with the prosecutor. For these reasons, I conclude that the erroneous admission of Webb's testimony was harmless beyond a reasonable doubt.

MARKMAN, J., joins the statement of ZAHRA, J.

---

[2] " 'Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime.' " *People v Nowack*, 462 Mich 392, 400 (2000), quoting *People v Carines*, 460 Mich 750, 757 (1999) (quotation marks omitted).

[3] Security guards testified that the purpose of such a search was "[f]or security reasons"; it was not permitted to "bring a weapon in the building." Defendant's refusal to be patted down by the security guards at least supports an inference that he possessed a weapon, apart from Webb's testimony.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 14, 2019



Clerk

s0611